Citation Nr: 1542454 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 10-16 912 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines


THE ISSUES

1. Entitlement to service connection for bilateral carpal tunnel syndrome.

2. Entitlement to service connection for gastrointestinal polyps.


WITNESSES AT HEARING ON APPEAL

Appellant and Spouse


ATTORNEY FOR THE BOARD

T. L. Douglas, Counsel



INTRODUCTION

The appellant is a Veteran who served on active duty from May 1989 to September 1989 and from May 1995 to January 2002. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2009 rating decision by the Muskogee, Oklahoma, Regional Office (RO) of the Department of Veterans Affairs (VA). Jurisdiction over the appeal was subsequently transferred to the RO in Manila, the Republic of the Philippines. In February 2013, the Veteran testified at a personal hearing before the undersigned Veterans Law Judge. A copy of the transcript of that hearing is of record. In February 2014, the Board remanded the issues of entitlement to service connection for bilateral carpal tunnel syndrome and polyps and blood in the stool for additional development. 

The Board notes that a March 2015 rating decision granted service connection for duodenitis and gastritis. As the assigned rating included consideration of symptoms of melena, the issue on appeal as to blood in stool is considered to have been fully resolved. Therefore, only the claim for polyps remains on appeal . 

The Board also notes that the issue of entitlement to service connection for an eye disability, claimed as photophobia with ocular headaches, was also remanded in February 2014, but that a May 2015 granted service connection for ophthalmic migraine. The Veteran was notified that this was considered to fully resolve the issue on appeal. 


REMAND

Upon review of the evidence of record the Board finds that additional development is required. A remand by the Board confers on a claimant, as a matter of law, the right to compliance with the remand orders. Stegall v. West, 11 Vet. App. 268 (1998). 

In its February 2014 remand the Board noted that service treatment records included an undated report addressing the Veteran's complaints of bilateral hand pain and stiffness for six months. The remand instructions included a request for a medical opinion as to whether bilateral carpal tunnel syndrome was caused or aggravated by service with consideration of that report and the Veteran's statements as to continued hand symptomatology since service. Although records show the Veteran underwent a VA examination in March 2014, the examiner stated that no report of bilateral hand pain and stiffness was seen and the provided etiology opinion did not specifically address the Veteran's report of continued hand symptomatology since service.

A review of the available VA electronic claims file includes an undated report noting complaints of a six month history of pain and stiffness in the hands and ankles on a Standard Form 6000 in documents received September 5, 2014, on page 10 of one of the service treatment records received on that date. The Board notes that the form appears to have been created in association with a February 1997 report of medical history that is on page 46 of another one of the service treatment records received on September 5, 2014, in the electronic claims file. As the March 2014 VA examiner did not consider that service treatment report or the Veteran's statements as to continued hand symptomatology since service, additional development is required prior to appellate review.

The Board also notes that VA examinations in March and April 2014 addressed the Veteran's service connection claim for gastrointestinal polyps, including as secondary to service-connected gastroesophageal reflux disease (GERD). However, the AOJ subsequently granted service connection for duodenitis and gastritis. As the provided VA opinions did not include consideration of whether any gastrointestinal polyps may have been incurred or aggravated by duodenitis or gastritis, additional development is required prior to appellate review.

Accordingly, the case is REMANDED for the following action:

1. Obtain all pertinent VA medical records not yet associated with the record. 

2. Obtain a clarifying medical opinion from the March 2014 VA examiner, or if unavailable from another appropriate medical specialist, addressing whether it is at least as likely as not (50 percent probability or greater) that the Veteran's bilateral carpal tunnel syndrome was either incurred or aggravated as a result of service. The examiner must review and consider the Standard Form 600 included in the Veteran's service treatment records showing bilateral hand pain and stiffness and his statements as to continued hand symptoms after service, and must provide a complete rationale for the opinion provided. 

3. Obtain a clarifying medical opinion from the March or April 2014 VA examiners, or if unavailable from another appropriate medical specialist. The examiner must provide a complete rationale for the opinion provided. Specifically the examiner should provide the following information: 

a) Is it at least as likely as not (50 percent or greater probability) that gastrointestinal polyps were incurred during service or are the result of any event, injury, or disease during service? 

b) Is it at least as likely as not (50 percent or greater probability) that gastrointestinal polyps are due to or the result of service-connected duodenitis or gastritis disability? 

c) Is it at least as likely as not (50 percent or greater probability) that gastrointestinal polyps have been aggravated (permanently increased in severity beyond the natural progress of the disorder) by service-connected duodenitis or gastritis disability?

4. Then, readjudicate the claims. If the decision is adverse to the Veteran, issue a supplemental statement of the case and allow the applicable time for response. Then, return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).